

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS

~~ATTORNEY~~

ATTORNEY GENERAL

Honorable G.C. Olsen
County Attorney
Winkler County
Kermit, Texas

Dear Sir:                Opinion No. 0-6386
                         Re: Legality of paying the premiums on
                             the bonds of county commissioners,
                             county auditors and county treasurer
                             of Winkler County, out of Officers'
                             Salary Fund, and reimbursement for
                             premium paid in prior year.

        Your letter of January 15, 1945, requesting an opinion
of this Department on the questions stated therein reads in part
as follows:

        "(1)  According to the 1940 Federal census
Winkler County had a population of 6,141.

        "(2)  The 1944 accrued tax roll shows Winkler
County, Texas, has a valuation of $20,819,098.

        "(3)  During the year 1945 and during the
prior years that will be involved in this opinion,
the county and precinct officials of Winkler County,
Texas, have been on a salary basis, such orders put-
ting them on a salary basis having been duly and
properly and timely passed by the Commissioners
Court of Winkler County, Texas.

        "(4)  The premiums on the bonds for all
other county and precinct officials other than
the county commissioners, county auditor, and
county treasurer have been allowed and ordered
paid by the said commissioners court, and such
payment has been made by the county auditor out
of the Officers' Salary Fund.

        "(5)  During that same period of time when
the above mentioned premiums on the bonds of the
above mentioned officers were paid, the bond pre-
mium of the county commissioners, county auditor,
and county treasurer were not paid.

"Your opinion is requested as to the legality of paying the premiums on the bonds of such said county commissioners, county auditor, and county treasurer out of the Officers' Salary Fund, and if it is legal to make such payment, can such payments now be made for those years in which such bond premiums were not paid?

"It is my opinion that if it is legal to pay such said bond premiums, now, it was legal to pay them ever since the law authorizing and permitting such payment was passed and made effective."

The facts show that your County comes under Article 3899 (b) as being one in which all of the officers are paid on the salary basis.

Article 3899 (b), Vernon's Annotated Civil Statutes, provides in part as follows:

"Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on official bonds, premiums on fire, burglary, theft, robbery insurance protecting public funds, and including the cost of surety bonds for his deputies, provided that expenses incurred for premiums on official bonds for the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector, including the cost of surety bonds for any deputies of any such officers, may be also included, and such expenses to be passed on, predetermined and allowed in the time and amount, as nearly as possible, by the commissioners' court once each month for the ensuing months, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing months, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses. . . . All such approved claims and accounts shall be paid from the Officers' Salary Fund unless otherwise provided herein."

The officers named in your letter are distinctly set out as being entitled to have the premiums paid as to their official

bonds, the procedure necessary to be followed and the funds from which these expenses shall be paid.

With reference to your second question in regard to the legality of reimbursement for premiums paid in prior years, we wish to call your attention to Opinion No. 0-5035 in which it was held by this Department that the county officials must comply with the provisions of Article 3899, V.A.C.S., by presenting their applications to the Commissioners' Court endorsed by the County Auditor as to whether funds were available in the Officers' Salary Fund for payment of such expenses, stating the kind, probable amount of expenditures and the necessity for expenses for bond premiums paid by said county officials. Unless said county officials complied with the provisions of the statute as heretofore mentioned, it is our opinion that the county cannot legally reimburse the county officials for bond premiums paid by them.

It will be also noted that ordinarily, bond premiums as mentioned in the statutes are paid in advance covering a period of one year and further in this connection the statute makes no provisions for a refund or reimbursement for bond premiums paid by said county officials.

Therefore, it is the opinion of this Department that the county could legally pay the premiums on official bonds but could not reimburse the officials for premiums paid in the prior years.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/John C. Knorpp
John C. Knorpp
Assistant

JCK:fo:wc

APPROVED JAN 25, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee by s/BWB Chairman